Thank you. May it please the Court, my name is Rob Stephens from Billings, Montana. I represent the defendant and appellant, William Worley. I'd like to divide my argument into three sections, and I will try and give a brief overview of what I think the issues are. The first part, I would like to address the jurisdictional matters. The second part, I would like to discuss the doctrine of expedient accommodation. And in the third part, I'd like to address the hypothetical regarding credibility issues. The government has indicated that I have miscited United States v. Arishi. If I have, at least it was through a published opinion, in reviewing Arishi for the proposition that this Court has jurisdiction, I checked and shepherdized that site. In the United States v. Doe, 374 Fed 3rd, 851 9th Circuit, 2004, this circuit determined that Arishi was good law for the proposition that an appellate review of a Rule 35 motion is appropriate under circumstances where the resolution of the motion, not the substance of the reduction, is a matter before the Court. Similarly, there's a competitive appellate issue about whether or not there's 3742 jurisdiction as well. The way I read Doe, it affirms Arishi as establishing a proposition for appellate review under certain circumstances. Also, it rejected the government's contention that the exclusive means of review was under 3742. Counsel, can we get to the question of the untimeliness of the first of the substantial assistance motion in the drug case? Yes. That will take us to the doctrine of expedient accommodation. It is a doctrine that you won't find in your law books or case law. Right. First, do you agree that it was untimely filed? No, I don't agree, Your Honor, because of the nature of the agreement between the United States Attorney's Office and myself on behalf of Danny. Here was the deal. If you apply this doctrine, it relies upon the dubious assumption that defense attorneys who practice criminal law are not stupid and that criminal defendants are not ignorant. When you negotiate a plea, the first thing that you have to do under the Rule 35 context is to determine what level of time your client is going to do. The plea agreement expressly forbids any agreements outside what is reduced to writing. But you have to be able to tell your client, if you qualify for Rule 35, if you're honest, if you give the information in the way that you have, and we go with the proffer first, so we have that understanding, then you can expect this based upon the history of the particular judge that you're before and the integrity of the U.S. attorney who you're dealing with. Now, in this case, the agreement was Rule 35 in the drug case. But we're not going to do any Rule 35 until after you've done your cooperation in the prostitution case. The Rule 35 will be a single motion. But because of the concurrent nature of the sentences, it will apply to both judgments. Now, did we contract jurisdiction in this appellate court because we had the agreement that only one Rule 35 would be filed and the Rule 35 motion that was filed for the case number in both cases? I don't think so. I think that's an enforceable agreement. And if we agree to that, and if that's the context in which the two plea agreements work, aren't we entitled to that benefit? No, you're not, because you can't contract jurisdiction in the federal courts. It's either there or it's not there. Right. Let me throw something out at you that I've been thinking about. I'm sorry? Let me throw something out at you, okay? Okay. The motion was filed, I guess, in both cases. However, the plea agreements actually differ. The drug case has the Rule 35 agreement in it, and the prostitution case doesn't. We have to take the government at its word. And at the time it filed its substantial assistance motion, it believed that your client had provided substantial assistance or it wouldn't have filed that motion in good faith. And later the government did represent that they had filed it because they believed he had provided substantial assistance. So, but they filed it untimely. They filed it after a year had passed. So aren't they in breach of your agreement under the drug case? Yes. That's the backup position, of course. But how do we we can't resolve that here, because we don't have jurisdiction here. Why don't we have jurisdiction? We have a final ruling that is a resolution of the substitute rights of the defendant. That ruling came in the context of a motion to withdraw under Wade where there's a breach of contract. That meets the substantial threshold factor. I think your breach of contract claim is their failure to file a timely Rule 35 motion as they agreed to do in the drug case. Your Honor, we're talking about then another remand. Yes. And another evidentiary proceeding. Well, it's pretty, I mean, I'm not sure we need an evidentiary proceeding on this. And I'm not certain that that is an adequate remedy for Danny. Well. And I understand. How do we, from your argument, I can't tell how you're suggesting we walk around the plain language of Rule 35B. Upon the government's motion made within one year of sentencing, the court may. Okay. Made within one year of sentencing. It was past a year in the drug case. So why isn't that the end of it? Because the plea agreement in the prostitution case related back to the language of the plea agreement in the drug case. And the drug case plea agreement referenced the pending action in the prostitution case. And the agreements are not standalone agreements. Did the prostitution case contain a clause referencing the drug case? I'm sorry? Did the prostitution case plea agreement contain a clause that either represented that the government would bring the Rule 35 motion or referencing the drug case? I am saying that the plea agreement in the drug case referenced the pending prostitution case and a future duty to cooperate. In the prostitution case as well, pending a resolution of that. And then we had a language that they were going to set up a, you know, the straw man. He's not going to be debriefed by the agents that are handling the prostitution case until he has a plea agreement in the prostitution case. Am I answering your question? It's not real. The language of the plea agreement in the prostitution case, the actual language, did it contain a representation that the government, if your client cooperated, would file a substantial assistance motion? There is no express language in the prostitution plea agreement to that effect. All right. And does it reference the drug case at all? Yes, it does. Where? It was my understanding. Your Honor, I apologize. I was in such a hurry to get here this morning. I left my entire brief, my appendix at my brother's home where I stayed. It was my understanding that the reference to the drug case in the prostitution case refers to the cause number. And I think it was paragraph 12 or 13, and I'm not certain. And I sincerely apologize for my inability to direct you to the record. But I don't think there's any question that the two plea agreements refer to each other. The drug case refers to something that will happen in the future, and the prostitution plea agreement then refers to something that has already been accomplished in the drug case. So are you suggesting, I see two references, neither of which have to do with Rule 35. But are you suggesting that you can use the motion that was filed in the prostitution case as the timely motion, and then we would have jurisdiction over that? That is my contention on behalf of Danny Worley, because that is what we contracted for, that is what we agreed to do, and that was what was done. But there's still a motion pending in the prostitution case. No. To withdraw the Rule 35 motion. No, not at all. That motion was granted. There is no motion. The case is over. The government withdrew its Rule 35 motion. Judge Chancellor made an order authorizing that. I moved to reconsider. The judge denied my motion to reconsider, asserting that the withdrawal was. In the drug case, but the Rule 35 motion is still on file in the prostitution case, isn't it? It just hasn't been withdrawn, although the government says it's going to move to withdraw it. Justice Thomson, my belief is that Judge Chancellor intended to grant the withdrawal of the Rule 35 motion as it was double referenced in both cases.  And that's true, Your Honor. And it was clear that the government intended it to be filed in both cases. But they didn't file it in both cases. In other words, it wasn't captioned in the prostitution case. It was not captioned in the prostitution case, but it bore, the Rule 35 government motion, bore the cause number of the prostitution case as well as the drug case. So it was clear that the reference to the Rule 35 motion was in both cause numbers. But the withdrawal was only in the drug case. And that is correct, but there is no question in the United States Attorney's mind, in my mind or the judge's mind, that the Rule 35 motion was withdrawn in its entirety. All right, counsel, why don't we hear from the government? You're over your time. I'm sorry? You're over your time. But I'd like to hear what the government has to say on these points. So much for Part 1 and Part 3. Thank you. Thank you. Good morning. May it please the Court. My name is Marcia Hurd, and I'm an AUSA in the District of Montana, stationed in the Billings office. This was not my case below, and I've had a bit of difficulty in sorting out the facts, but I think the Court is correct in some of the basic facts and the basic problems in this case. The first basic problem is that the Rule 35 motion was filed, captioned in both the drug case and the prostitution case. There is no requirement in the prostitution plea agreement that a Rule 35 be filed. That plea agreement is in tab D of the excerpts of record, and the only references to the drug case are that the defendant agrees to dismiss the appeal of his sentence, an agreement about time running concurrently for a portion of that sentence, and that any information that he gives during the course of the cooperation in the drug case that could be self-incriminating to him in the prostitution case would not be used against him. So there was no specific requirement in the prostitution case that a Rule 35 motion be filed. However, there was a Rule 35 motion filed, captioned in both cases, and it is accurate for the Court to say that then the withdrawal of that motion, the hearing on that motion, the order granting the withdrawal of that motion, and the motion to reconsider are all only captioned in the drug case. And therefore, there is still a pending motion. And the motion was late in the drug case. Is that correct? Yes, it was. From my review of the record, that's why I mentioned it in the brief. From my review of the record, it was approximately three to four months late, given when the appeal was dismissed and when the sentencing was. So didn't the government breach its agreement to file a motion, which implicit in that agreement would be that it would be a timely motion to file it late? And isn't that – is there a remedy for that for the defendant? Well, I think that there was no breach of the plea agreement because the Rule 35 was filed, captioned in both the drug and the prostitution cases. While it may have come too late in terms of actually the drug case, it was on time in the prostitution case. And so he could have received a reduction in his sentence from the prostitution case. But as you point out, there was no agreement in the prostitution case to file that motion. The agreement was in the drug case. That's correct. And there does not have to be a specific Rule 35 provision in a plea agreement for us to file one. Right. But the question is, did you breach your agreement? I don't believe so because the Rule 35 was filed and it applied to both cases. If it's not effective in the drug case, why didn't the government breach the agreement? Because the motion was filed in both cases and would contemplate, as I understood how the sentences were issued by the court, they were to run concurrently with each other. And so any recommendation regarding a Rule 35 would have cut down both the drug and the prostitution case sentences at the same time and would have affected the same result that was contemplated. But any modification now of the sentence in the prostitution case has got to be limited to, what is it, 24 months because the prostitution case was to run concurrent with the drug case? My reading of the plea agreement is that all of the prostitution case sentence was to run concurrently with the drug case with the exception of 24 months, that that was to be a consecutive sentence. But if you look at the entirety of the prostitution sentence, the court could still, if the government did not withdraw its pending motion and if the court felt that substantial assistance had been provided, the court could reduce in any certain amount the prostitution case. Even the sentence in the drug case? The sentence in the prostitution case. Well, yeah, but then he'd still be doing the five years in the drug case. But it's running concurrently. Yeah. So there's no way you're going to be able to cut down the time that he'd do in prison. You can cut down the time on the prosecution case but not on the drug case. Isn't that true or am I wrong? Well, I think they're running at the same time. And so he's getting credit every day on the prostitution case and the drug case. So any sentence that gets reduced in the prostitution case per se reduces the drug case as well. The Rule 35 motion indicates that the defendant had begun to provide substantial assistance, not that he had completely completed that obligation. And as I understand it, there were some substantial problems with what occurred in terms of his filings and representations to the court after that Rule 35 motion was filed. Counsel, isn't it true that what happened was that in the prostitution case, he provided the assistance and it went up on appeal and it was reversed and there was going to be another trial, and that's the trial where he couldn't be a witness. That's my understanding was that there were going to be either reversals of entire convictions and also remands for resentencing and potentially he could have been a witness in those. There was a hearing on this issue that was held by the court, again, captioned only in the drug case, and the AUSA handling the case indicated that he came in, he being the defendant, came in too late to testify in the prostitution case or be of any help in it. I did put him in grand jury, but he talked about the stuff we already knew. And then after that, then he filed a bunch of pro se pleadings indicating there had been a guarantee about his sentence that's not contained within the plea agreement. And we simply can't go outside what the plea agreements are in this case that indicate there are no side deals. There are no further agreements about levels of cooperation or levels of reduction and that it's within the sole discretion of the U.S. Attorney's Office to file the motion and then within the sole discretion of the court to decide if the motion is warranted and a reduction is going to be given. Counsel, is Mr. Loss still with the AUSA Office? He retired. He retired? And I believe actually the day the hearing was held on this was his last day in court. So you intend now to file a motion, Well, if we determine we lack jurisdiction to rule in this present appeal, I guess that would be one ruling. Another ruling might be that the district court considered a motion for reconsideration and declined the motion for reconsideration, which is what is being appealed to this court. We might even, I suppose, maybe even affirm the denial of the motion for reconsideration, albeit on the ground that the motion was too late, not that the merits compelled or indicated it not. That's correct. Then direct it back to the district court to consider at an appropriate time or whatever whether there should be some adjustment in the prostitution case or however we would word that you are going to file a motion. Have you already filed your motion to withdraw? I have not yet. Pardon me? I have not yet. I thought it inappropriate to do so until we have this argument. Yeah, I think that's probably right. Yeah, I think that's probably right. So then you go ahead and file it, and then they will have another hearing on the prostitution. And then it will show all the cooperation. That's past cooperation. You can't talk about what the future would hold, as apparently they tried to do at one point in this case. Then we'll have a decision by the district court, and then that will come up on appeal, I suppose. Well, potentially, but what I could also see happening is the United States moves to withdraw the Rule 35. There is no pending Rule 35 motion. There is no need for a hearing on what the cooperation was because the court has no jurisdiction to grant a Rule 35 motion in the absence of the U.S. attorney making one. Well, there is one. There is one in the drug case. That motion was filed in the prostitution case. That motion was actually invoked. Correct. It's already there. It's sort of laying there, saying that cooperation is going to come later. So everybody would wait for the U.S. attorney to decide whether the cooperation came or didn't come. So now you're going to file a motion to withdraw, and that will bring it to the court's attention. Exactly. And so the ruling will be on the motion to withdraw the Rule 35 hearing or Rule 35 motion now in the prostitution case because that is still pending. Even though the parties apparently intended it not to be, it is still there. What if we determined there was a breach of the agreement because filing a motion in the drug case meant filing a timely motion? Is there any ñ can you think of any remedy the defendant might have? You know, I can't think of any remedy the defendant might have simply because, I mean, we've already been past that issue. I mean, that horse has already been let out of the pasture, so to speak, because there was a determination then that he didn't provide substantial assistance and the motion was withdrawn. So even if we go back and the court says, look, you breached the plea agreement, go file your Rule 35 motion, you know, we're way past that issue. Counsel, what if we remand ñ and I am concerned that the district court judge didn't apply the proper standard in finding that the government had a right to withdraw the motion. I think there are some ñ there's case law that does support the defendant's position to that effect, and I guess we can't reverse it because of the jurisdictional question, but we could certainly comment on it. You certainly could comment on it to make certain that we all, on remand or on the hearing on the motion to withdraw, follow the correct standard of review. Was the motion to withdraw filed for some unconstitutional reason? It's not just that. It is a contract, so you apply the normal rules of contract law to the plea agreement. That's true. All right. Well, thank you, Counsel. I think we have enough information to sort this out. I'm sorry. You went over your time, so we'll just ñ we're going to submit this case. United States v. Worley is submitted.
judges: Thompson, T. Nelson, Wardlaw